UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTY MILLER,

    Plaintiff,

v.

L. DERUSHA et al.,

    Defendants.

_____/

Case No. 13-cv-15130
Hon. Matthew F. Leitman

**ORDER OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION (ECF #30); ADOPTING REPORT AND RECOMMENDATION (ECF #28); DENYING MOTION TO AMEND AND SUPPLEMENT PLEADINGS (ECF #29); AND DISMISSING ACTION**

    Plaintiff Marty Bryan Miller ("Miller"), an inmate in the custody of the Michigan Department of Corrections, brings this action under 42 U.S.C. § 1983. Miller complains about an alleged assault, rape, killing, and cover-up that occurred at some point in the late 1980's or early 1990's. The rape and assault were allegedly committed against Miller's girlfriend while Miller's young son watched. The victim of the murder was another inmate.

    Defendants Leon Derusha, Daniel Heynes, and Jeffery Yonkers have all filed motions to dismiss. (*See* ECF #21 and #23.) Defendant Sandra Girard has never been served with the Complaint. (*See* ECF #18) The Magistrate Judge issued a Report and Recommendation (the "R&R") suggesting that Miller's

1

Complaint is fundamentally flawed in myriad respects and suggesting that the Court dismiss the entire action – including claims against the Defendants who have not been served nor appeared in the action. (*See* ECF #28.) Miller has filed timely objections to the R&R. (*See* ECF #30.) The Magistrate Judge's analysis is persuasive, and the Court now overrules Miller's objections and adopts the R&R.

As the Magistrate Judge properly concluded, to the extent that Miller is trying to assert criminal claims and/or to assert civil claims on behalf of his girlfriend and son, he plainly lacks standing to do so. *See Smith v. Jefferson County Bd. of Sch. Comm'rs*, 641 F.3d 197, 208 (6th Cir. 2011). Miller's objections offer no legal authority that would support his standing to assert such claims.

Likewise, the Magistrate Judge accurately determined that Miller's claims are barred by the applicable three-year statute of limitations found in Mich. Comp. Laws 600.5805(10). Miller counters in his objections that his claims are not time-barred because he did not know the identity of all of the state actors and because he continues to suffer trauma as a result of witnessing some of the alleged misconduct. As the Magistrate Judge aptly noted, however, a plaintiff may file suit against John Doe Defendants and thereby toll the statute of limitations if he cannot reasonably ascertain the identity of the alleged wrongdoers. Indeed, Miller understands that he may take this course of action – he named three such "John

2

Doe Defendants" here.  Thus, Miller's claims cannot be considered timely on the ground that he did not know all of the state actors.  Simply put, none of Miller's claims are timely because they all could have been brought within three years of the alleged crimes and wrongdoing.  And Miller's objections cite no persuasive authority to support his claim that the statute of limitations does not expire so long as an alleged victim continues to feel the effects of the alleged wrongdoing.

Miller has also filed a motion to amend or supplement his Complaint to add the name of an additional state actor as a Defendant. (*See* ECF #29.) This amendment would not save any of his claims because Miller's claim against that new Defendant is time-barred.  Moreover, Miller makes no effort to show how he has standing to pursue claims against the new Defendant on behalf of his girlfriend and son.

As the Magistrate Judge properly concluded, this entire action (against *all* Defendants, even those who have not appeared in this action and/or Miller has not served with his Complaint) is subject to dismissal under 28 U.S.C. § 1915 because there is no basis whatsoever for Miller's claims.

Accordingly, **IT IS HEREBY ORDERED** that (1) Miller's objections to the R&R are **OVERRULED**; (2) the R&R is **ADOPTED**; (3) Miller's motion to amend or supplement his pleadings (ECF #29) is **DENIED**; and (4) this action is **DISMISSED WITH PREJUDICE** as to all Defendants.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: July 24, 2014

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 24, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(313) 234-5113

4